IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW J. PETRAKIS, #B19052, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19−cv–00579−NJR ) |
| SCOTT THOMPSON, CHRISTINE BROWN, JOHN BALDWIN, TRAVIS BAYLER, JOHN DOE, LOUIS SHICKER, and STEVEN MEEKS, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Matthew Petrakis, an inmate of the Illinois Department of Corrections ("IDOC"), who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213 ("ADA"), and the Rehabilitation Act, 29 U.S.C §§ 794-94e ("RA"). Plaintiff claims that Defendants are denying him adequate accommodation under the ADA and RA and are deliberately indifferent to his serious medical needs. According to Plaintiff, because of his hearing loss he is unable to hear the facility's intercom system alerting inmates to meals, gym, yard, and dayroom periods. Because he cannot hear the intercom, Plaintiff has repeatedly missed meals.

Along with the Complaint (Doc. 1), Plaintiff filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 2). Because Plaintiff seeks emergency injunctive relief, the Court will take up this matter without delay. *See Wheeler v. Wexford Health Sources,*

1

*Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Court must review the Complaint under 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff makes the following allegations: He has had trouble hearing since childhood, but his condition has worsened. *Id.* p. 5. On January 18, 2019, he failed a hearing test and was scheduled to see an audiologist for further testing. During his hearing test appointment, he informed a nurse that he could not hear the calls for chow-lines, gym, yard, and dayroom, as well as other notices given over the intercom system. And, because he sleeps on one ear, he never hears the call in the morning for breakfast. *Id.* At his audiologist appointment on March 13, 2019, the audiogram confirmed that he has 90% hearing loss in his right ear and 68% hearing loss in his left ear; two hearing aids where ordered. *Id.*

Following the appointment, Plaintiff wrote the ADA Coordinator and Health Care Unit Administrator at Pinckneyville, Christine Brown, informing her that he could not hear the calls for meals and as a result had not been eating. *Id.* pp. 5-6. He did not hear a response, and so he filed an emergency grievance on April 3, 2019, requesting an alarm watch to alert him at meal times. *Id.* p. 6. His grievance was determined to be an emergency, and he was called to the Health Care Unit on April 8, 2019, to meet with Brown. Brown informed Plaintiff that she does not normally order aids such as an alarm watch since he was receiving hearing aids and accused Plaintiff of

2

"crying to someone." Plaintiff said that he was still in need of the alarm watch because once he receives the hearing aids he will not sleep with them and will need to be alerted in the morning for breakfast. *Id.* Brown told Plaintiff that if he did not "like the way Pinckneyville does it, maybe [he] should have stayed home." Plaintiff asked if there was something she could do to ensure that he was able to eat to which Brown responded, "'No, I[']m ordering your watch and that[']s all I can do.'" *Id.*

Plaintiff's emergency grievance was then denied because Brown told the Grievance Officers that he had received his hearing aids and that the issue was resolved, although Plaintiff had yet to receive the hearing aids. *Id.* p. 7. Warden Thompson concurred with the denial.

On April 19, 2019, Plaintiff spoke with Warden Thompson regarding his grievance. He told Thompson that he did not have his hearing aids or an alarm to wake him up for chow-lines in the morning and that he was missing meals. *Id.* Thompson told Plaintiff that there was nothing he could do.

Plaintiff filed another emergency grievance, which was denied because the hearing aids had been ordered. *Id.* Plaintiff appealed both grievances to the Administrative Review Board in Springfield, but both grievances were denied on the basis that the issues presented were resolved. Plaintiff claims that Director John Baldwin concurred in the denial and also names Travis Bayler and John Doe as members of the Administrative Review Board who denied his grievances. *Id.* pp. 7-8. He then filed a third emergency grievance, which is still pending. *Id.* p. 8.

Plaintiff alleges that despite his repeated requests, the administration has failed to accommodate his disability and ensure that he is able to eat at meal times. *Id.*

## PRELIMINARY DISMISSALS

Plaintiff lists Louis Shicker and Steven Meeks among the defendants in this case, but he

3

makes no allegations against either of them in the body of the complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendants Shicker and Meeks will be dismissed from this action without prejudice.

Plaintiff's allegations also do not support any claim against Defendants Travis Bayler and John Doe for denying his grievances. "Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)). Other than claiming that these Defendants denied his grievances (*see* Doc. 1, pp. 7-8), Plaintiff fails to allege any "personal involvement" in the constitutional deprivation that gave rise to the grievances and thus Defendants Bayler and John Doe also shall be dismissed from the action without prejudice.

#### DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the claims in this case into the following two Counts:

**Count 1:** Americans with Disabilities Act and Rehabilitation Act claim against Baldwin, Brown, and Thompson for failing to accommodate Plaintiff's hearing loss which has caused him to miss meals.

**Count 2:** Eighth Amendment claim against Baldwin, Brown, and Thompson for exhibiting deliberate indifference to Plaintiff's serious medical

4

needs regarding his hearing loss and inability to hear meal calls.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under** *Twombly*.[1]

### Count 1

Under the ADA, "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The RA also prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The analysis under the ADA and RA is the same, except that the RA includes as an additional requirement, the receipt of federal funds, which all states accept for their prisons. *Jaros v. Illinois Dep't of Corr.*, 685 F.3d 667, 671 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). Under both statutes, discrimination includes the failure to accommodate a disability. *Jaros*, 684 F.3d at 672 (citation omitted). The Seventh Circuit has recognized that, in a prison setting, access to meals and certain housing facilities, including showers, toilets, and sinks, are among the programs and activities protected by the ADA and the RA. *Id.* Both the ADA and the RA provide for injunctive relief against an agency found to be in violation of the statute.

Here, Plaintiff has alleged that he suffers from a disability—severe hearing loss—and that the prison did not accommodate that disability by failing to ensure that he was alerted to chow-lines, resulting in denying him access to meals. These allegations are sufficient to articulate a colorable ADA and RA claim.

---

[1] *See Twombly*, 550 U.S. at 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff claims that the ADA and RA violations were committed by IDOC Director Baldwin, Warden Thompson, and ADA Coordinator Brown. The only proper defendant, however, in a claim under the ADA or RA is the state agency. Because "employees of the Department of Corrections are not amendable to suit under the Rehabilitation Act or the ADA," *see* 29 U.S.C. 749(b); 42 U.S.C. 12131, Thompson and Brown will be dismissed from Count 1 with prejudice. Defendant John Baldwin, in his official capacity, is a proper defendant for Plaintiff's ADA and RA claim. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Plaintiff will therefore be allowed to proceed with Count 1 against John Baldwin in his official capacity.

**Count 2**

The allegations support an Eighth Amendment deliberate indifference claim against Warden Thompson and Brown who, despite Plaintiff's complaints about his disability related needs, took no action on Plaintiff's behalf to ensure he was receiving meals. *See Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015); *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).

But Plaintiff has not included in his complaint sufficient facts to demonstrate that Baldwin was deliberately indifferent to his medical needs. The Complaint only states that Baldwin concurred in the denial of his grievances, and, as previously mentioned, denial or mishandling of a grievance, standing alone, generally is not enough to violate a constitutional right. *Owens*, 878 F.3d at 563. Also, any claim against Baldwin based solely on his position as an administrator fails, because individual liability under Section 1983 cannot be based on a theory of *respondeat superior*. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Therefore, Count 2 will not

6

proceed against Baldwin.

## MOTION FOR TRO AND PRELIMINARY INJUNCTION

As previously noted, Plaintiff has filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction, asking the Court to order Defendants to accommodate his hearing disability and ensure he no longer misses meals, specifically breakfast, by either having an employee wake him up for breakfast every morning or by delivering a tray to his cell. (Doc. 2, p. 2).

There are significant differences between a TRO and a preliminary injunction. A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. FED. R. CIV. P. 65(b)(2). Further, a TRO may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

Without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court concludes that a TRO should not be issued in this matter. Plaintiff has not alleged that he will suffer irreparable injury, loss, or damage before the defendants can be heard in opposition. Accordingly, the motion for a TRO is **DENIED** at this time.

Plaintiff also seeks a preliminary injunction. In contrast to a TRO, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Korte v. Sebelius,* 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999).

Because Plaintiff alleges that he is being denied access to meals, the Court finds that his request for preliminary injunctive relief warrants prompt consideration. Accordingly, the Court will resolve the request as soon as practicable. A hearing on the request for preliminary injunction and an order directing Defendants to respond to the motion will be addressed in a separate order.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Plaintiff discloses that he has not attempted to contact a lawyer on his own because he does not have the funds to pay for postage.[2] With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he does not know how to do legal research or retain necessary documents from the State. The Court finds that, even assuming Plaintiff's alleged indigence effectively precludes him from making reasonable attempts to secure counsel on his own, the recruitment of counsel is not warranted at this time. At this early stage of the lawsuit, Plaintiff appears capable of litigating this case on his own. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Accordingly, Plaintiff's Motion for Recruitment of Counsel will be denied without prejudice to refiling in the future. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

---

[2] At this time, there is no indication that Plaintiff's alleged lack of access to postage is affecting his ability to prosecute this case or that his access to the courts has been compromised.

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) will be addressed in a separate order.

**DISPOSITION**

**IT IS ORDERED** that the **Complaint** (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against **BALDWIN** in his official capacity, and **BROWN** and **THOMPSON** are dismissed with prejudice from **COUNT 1**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall proceed against **BROWN** and **THOMPSON,** and **BALDWIN** is dismissed from **COUNT 2** without prejudice.

**IT IS FURTHER ORDERED** that **BAYLER, JOHN DOE, SHICKER,** and **MEEKS** are **DISMISSED** without prejudice from this action for failure to state a claim. The Clerk of Court is **DIRECTED** to terminate these individuals from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that Plaintiff's request for a temporary restraining order is **DENIED** without prejudice, but the ruling on Plaintiff's request for preliminary injunction is **DEFERRED**.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 4) is **DENIED** without prejudice and the ruling on the Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **DEFERRED.**

**IT IS ORDERED** that the Clerk of Court shall prepare for **BALDWIIN** (official capacity) and **THOMPSON** and **BROWN** (individual capacities): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 5), and this Memorandum and Order to

each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 4, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**