# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW J. PETRAKIS, #B19052, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19−cv−00579−NJR ) |
| SCOTT THOMPSON, CHRISTINE BROWN, and JOHN BALDWIN, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Matthew Petrakis, an inmate of the Illinois Department of Corrections ("IDOC"), who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213 ("ADA"), and the Rehabilitation Act, 29 U.S.C §§ 794-94e ("RA"). Plaintiff claims that Defendants are denying him adequate accommodation under the ADA and RA and are also deliberately indifferent to his serious medical needs. According to Plaintiff, because of hearing loss, he is unable to hear the facility's intercom system alerting inmates to meals, gym, yard, and dayroom periods. Because he cannot hear the intercom, Plaintiff has repeatedly missed meals. His hearing loss also causes sever dizziness and difficulties with his balance. He continues to be housed in an upper gallery, however, and he has been denied a low bunk permit, which increases his risk of falling and injury.

Following an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

**Count 1:** Americans with Disabilities Act and Rehabilitation Act claim against Baldwin, Brown, and Thompson for failing to accommodate Plaintiff's hearing loss which has caused him to miss meals.

1

> **Count 2:** Eighth Amendment claim against Baldwin, Brown, and Thompson for exhibiting deliberate indifference to Plaintiff's serious medical needs regarding his hearing loss and inability to hear meal calls.

Before Defendants filed an answer or otherwise responded to his Complaint, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Doc. 20). Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Plaintiff's motion is timely and complies with Federal Rule of Civil Procedure 15(a)(1). Nonetheless, the First Amended Complaint is still subject to review under 28 U.S.C. § 1915A.[1] Accordingly, prior to granting leave to amend, the Court will screen the First Amended Complaint in accordance with this statute.

In his First Amended Complaint, Plaintiff brings identical claims against Defendants Thompson, Baldwin, and Brown. He also attaches additional exhibits and seeks to add an Eighth Amendment claim against an additional defendant, Dr. Percy Meeks. The Court classifies the additional Eighth Amendment claim as follows:

> **Count 3:** Eighth Amendment claim against Dr. Meeks for exhibiting deliberate indifference to Plaintiff's serious medical needs regarding his hearing loss which has resulted in vertigo and dizziness by refusing to issue him a low bunk permit and lower gallery designation.

For the reasons articulated in the original Merit Review Order (Doc. 7), Plaintiff's claims against Defendants Thompson, Baldwin, and Brown, previously designated as Counts 1 and 2 (Doc. 7, p. 4), survive preliminary review. Plaintiff's allegations as to Dr. Meeks, pertaining to his alleged refusal to issue a low bunk permit and lower gallery designation, are sufficient to state an Eighth Amendment deliberate indifference claim. Accordingly, Count 3, as designated in this Order, also survives preliminary review.

## DISPOSITION

Pursuant to Rule 15, and after review of the First Amended Complaint pursuant to 28 U.S.C.

---

[1] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

§ 1915A, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 20). Counts 1 and 2 will proceed as to **Baldwin**, **Brown**, and **Thompson**, and Count 3 will proceed as to **Meeks**.

The Clerk of Court is **DIRECTED** to file the First Amended Complaint and to add **Dr. Percy Meeks** to the docket as a defendant.

Further, the Clerk of Court shall prepare for **Meeks**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 5), the original Merit Review Order (Doc. 7), and this Memorandum and Order to his place of employment as identified by Plaintiff.

Defendants **Thompson, Baldwin, Brown,** and **Meeks** are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in the original Merit Review Order (Doc. 7) and in this Merit Review Order. Defendants are **ADVISED** that the Court does not accept piecemeal answers.

**IT IS SO ORDERED.**

DATED: July 1, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**