# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW J. PETRAKIS, #B19052, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-00579-NJR ) ) |
| SCOTT THOMPSON, CHRISTINE BROWN, PERCY MYERS, and ROB JEFFREYS, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On May 31, 2019, in addition to his original Complaint (Doc. 1), Plaintiff Matthew J. Petrakis filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). Petrakis asks the Court to order Defendants to accommodate his hearing disability by providing someone to wake him up each morning for breakfast or delivering to his cell a food tray. (Doc. 2, p. 2).

An Order was entered on June 4, 2019, pursuant to 28 U.S.C. §1915A, setting forth the claims that Petrakis's hearing loss has caused him to miss meals in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") (Count 1); and that Defendants Brown and Thompson exhibited deliberate indifference to Petrakis's serious medical needs regarding his hearing loss and inability to hear meal calls in violation of the Eighth Amendment (Count 2). (Doc. 7, p. 4). The Court denied the request for a temporary restraining order and directed Defendants to respond to his request for a preliminary injunction (Doc. 7, p. 9; Doc. 11).

1

On July 2, 2019, the Court granted Petrakis's Motion for Leave to File an Amended Complaint (Doc. 25) and reviewed the First Amended Complaint pursuant to Section 1915A. The First Amended Complaint brought identical claims against Defendants Baldwin, Brown, and Thompson and so Counts 1 and 2 survived screening. (Doc. 23, p. 2). Petrakis also added an Eighth Amendment claim against an additional defendant, Dr. Percy Myers, for deliberate indifference to his serious medical needs regarding his hearing loss by refusing to issue him lower bunk and lower gallery permits. (Doc. 25, pp. 8-9). The Court designated this claim as Count 3, which also survived preliminary review. (Doc. 23, p. 2). A responsive pleading by Dr. Myers is not due until September 3, 2019.

Defendants Jeffreys,[1] Brown, and Thompson filed a response to the Motion for Preliminary Injunction on July 8, 2019 (Doc. 27). The Court held a hearing on the Motion on July 22, 2019.

### BACKGROUND

The First Amended Complaint alleges that Petrakis has had trouble hearing since childhood, but his condition has worsened. (Doc. 25, p. 5). On January 18, 2019, he failed a hearing test and was scheduled to see an audiologist for further testing. During his hearing test appointment, he informed a nurse that he could not hear the calls for chow-lines, gym, yard, and dayroom, as well as other notices given over the intercom system. And, because he sleeps on one ear, he never hears the call in the morning for breakfast. *Id.* At his audiologist appointment on March 13, 2019, the audiogram confirmed that he has 90% hearing loss in his right ear and 68%

---

[1]Defendants have substituted Rob Jeffreys for John Baldwin in his official capacity as the Acting Director of the Illinois Department of Corrections. (Doc. 27, p. 1). As the only proper defendant for a claim under the ADA or RA is the state agency, Defendant Rob Jeffreys, in his official capacity, is a proper defendant for Petrakis' ADA and RA claim in Count 1. *See Jaros v. Ill. Dep't of Corr.,* 685 F.3d 667, 671 (7th Cir. 2012). The Clerk of Court is **DIRECTED** to substitute Rob Jeffreys, in his official capacity only, for John Baldwin as a defendant in this action. *See* Fed. R. Civ. P. 21; Fed. R. Civ. P. 17(d).

hearing loss in his left ear; two hearing aids were ordered. *Id.*

Following the appointment, Petrakis wrote the ADA Coordinator and Health Care Unit Administrator at Pinckneyville, Christine Brown, informing her that he could not hear the calls for meals and as a result had not been eating. *Id.* pp. 5-6. He did not receive a response, and so he filed an emergency grievance on April 3, 2019, requesting an alarm watch to alert him at meal times. *Id.* p. 6. His grievance was determined to be an emergency, and he was called to the Health Care Unit on April 8, 2019, to meet with Brown. Brown informed Petrakis that she does not normally order aids such as an alarm watch, because he was receiving hearing aids and had accused Petrakis of "crying to someone." Petrakis said that he was still in need of the alarm watch because once he receives the hearing aids he will not sleep with them and will need to be alerted in the morning for breakfast. Petrakis also asked if there was something she could do to ensure that he was able to eat to which Brown responded, "'No, I[']m ordering your watch and that[']s all I can do.'" *Id.* Petrakis's emergency grievance was then denied because Brown told the Grievance Officers that he had received his hearing aids and that the issue was resolved, although Petrakis had yet to receive the hearing aids. *Id.* p. 7.

On April 19, 2019, Petrakis spoke with Warden Thompson regarding his grievance and the lack of accommodations for his hearing loss. Thompson told Petrakis that there was nothing he could do. Petrakis filed two more grievances, which were also denied. *Id.* p. 8.

Petrakis alleges that despite his repeated requests, the administration has failed to accommodate his disability and ensure that he is able to eat at meal times. *Id.* p. 9; Doc. 2, p. 2. He claims that he has lost eleven pounds as a result of missing so many meals. (Doc. 25, p. 9).

In their response (Doc. 27), Defendants argue that Petrakis cannot obtain injunctive relief because he is currently a member of the class action in *Holmes v. Godinez,* Case No. 11-cv-02961

(N.D. Ill. 2015). In that case, deaf and hearing impaired inmates brought a class action against the director of the Illinois Department of Corrections ("IDOC") under the ADA, RA, and Section 1983 seeking declaratory and injunctive relief alleging that IDOC denied inmates hearing accommodations as to intercom systems, emergency alerts, job opportunities, and medical services. *Id.* at p. 4. Defendants state that Petrakis is a member of the class according to the definition established by the Northern District of Illinois. Petrakis cannot opt out of the class action as the members were certified under Federal Rules 23(b)(2), and thus he is bound by the class. *Id.* at p. 5. Because the Motion seeks the same type of relief as the class action, Defendants argue that Petrakis cannot pursue a separate preliminary injunction in this case.

Defendants also claim that Petrakis has not demonstrated a likelihood of success on the merits or that he will suffer irreparable harm. Petrakis has been continuously seen and treated for his condition since he made officials at Pinckneyville aware of his hearing impairment. *Id.* at p. 6. Petrakis has received a hard of hearing placard ("HOH placard") placed above his cell, two of the medical devices requested—hearing aids and headphones—and an alarm watch has been ordered. Although Petrakis claims he is consistently missing breakfast, Defendants argue that this cannot be true because security staff at Pinckneyville are instructed to wake inmates with HOH placards, and he has a cellmate who also attends meal calls and has notified him of these calls in the past.

**ANALYSIS**

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the

hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## DISCUSSION

As explained on the record at the July 22 hearing, the Court finds that Petrakis is not entitled to a preliminary injunction at this time. Because of the settlement in *Holmes v. Godinez,* No. 11-c-2961 (N.D. Ill. 2015), it appears that Petrakis is prohibited from pursuing injunctive relief in this

Court. As part of the Settlement Agreement that was adopted on July 26, 2018, IDOC agreed to provide a tactile notification system that will alert deaf and hard of hearing inmates about different programing including meals. *Id.* at Doc. 438. Similarly, Petrakis's preliminary injunction request seeks to ensure that he receives proper notification at meal times. As a mandatory member of the class action that was certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Petrakis is bound by the ruling in *Holmes* and must seek enforcement of the settlement agreement in the Northern District of Illinois. *See Reese v. Chicago Police Dep't*, 602 F. Supp. 441, 442 (N.D. Ill. 1984).

Assuming that Petrakis's preliminary injunction request here is different than the relief sought in *Holmes* and he is not a member of the class action, he still has not made a clear showing that he is entitled to relief. According to the Complaint filed by Petrakis and the testimony of Defendant Christine Brown, Petrakis has been receiving treatment regarding his hearing loss since he requested a hearing test in January 2019, he has been evaluated by audiology, and he has a communication plan.[2] He has also been given accommodating devices including hearing aids, headphones, a HOH placard on his cell, and a HOH designation on his identification card. Defendant Christine Brown testified that a vibrating watch has been ordered by her personally and the state has place a bulk order; unfortunately, the watches are back-ordered. Although Petrakis testified that he cannot wear his hearing aids while he sleeps and that his cellmate refuses to alert him at meal times, the Court is satisfied that for the purpose of a preliminary injunction Petrakis is being provided treatment and accommodations to address his hearing loss.

---

[2] Petrakis presented to the Court evidence of discrepancies in the copies of the communication plan regarding which technologies Petrakis is entitled to, but nonetheless he has been afforded a meeting with the ADA coordinator and a communication plan.

## CONCLUSION

For the reasons stated on the record and summarized in this Order, the Court **DENIES** the motion for preliminary injunction (Doc. 2).

The Clerk of Court is **DIRECTED** to substitute Defendant Jeffreys for Baldwin in accordance with footnote 1.

Finally, Defendants are **ORDERED** to provide the Court and Plaintiff a new copy of the illegible second page of the audiogram report and to clarify the discrepancies in the copies of the communication plan that are a part of the record and the copy produced by Plaintiff at the July 22 hearing and in the First Amended Complaint (Doc. 25) as previously ordered.

**IT IS SO ORDERED.**

**DATED: 7/24/2019**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**