IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW J. PETRAKIS, #B19052, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-579-NJR |
| | ) | |
| SCOTT THOMPSON, ET. AL, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME Defendants, SCOTT THOMPSON, CHRISTINE BROWN, and ROB JEFFREYS (in his official capacity only as IDOC Director),[1] by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and hereby provide their Answer and Affirmative Defenses to Plaintiff's Amended Complaint [Doc. 25], pursuant to the Court's Merit Review Orders [Docs. 7, 23 clarified at Doc. 35],[2] stating as follows:

**ALLEGATIONS ENUMERATED IN THE COURT'S MERIT REVIEW OPINION**

Pursuant to a review of Plaintiff's Complaint, the Court found the following counts to survive screening: (1) Americans with Disabilities Act and Rehabilitation Act claim against Jeffreys, in his official capacity, for failing to accommodate Plaintiff's hearing loss which has caused him to miss meals; (2) Eighth Amendment claim against Brown and Thompson for exhibiting deliberate indifference to Plaintiff's serious medical needs regarding his hearing loss and inability to hear meal calls; and (3) Eighth Amendment claim against Dr. Myers for exhibiting

---

[1] Rob Jeffreys is being automatically substituted for John Baldwin in his official capacity as the Acting Director of the Department of Corrections. Fed. R. Civ. Pro. 25(d).

[2] On June 10, 2019, the U.S. District Court for the Southern District of Illinois issued an Administrative Order (Administrative Order No. 244) which states that answers and subsequent pleadings will be to the issues stated in the Merit Review Order that accompanies the process and the complaint.

deliberate indifference to Plaintiff's serious medical needs regarding his hearing loss which has resulted in vertigo and dizziness by refusing to issue him a law bunk permit and lower gallery designation. [Doc. 25].

**Answer: Defendants deny the allegations against them, deny violating Plaintiff's rights, and deny that Plaintiff is entitled to any relief whatsoever.**

<u>Complaint</u>

Plaintiff makes the following allegations: He has had trouble hearing since childhood, but his condition has worsened. *Id.* p. 5. On January 18, 2019, he failed a hearing test and was scheduled to see an audiologist for further testing. During his hearing test appointment, he informed a nurse that he could not hear the calls for chow-lines, gym, yard, and dayroom, as well as other notices given over the intercom system. And, because he sleeps on one ear, he never hears the call in the morning for breakfast. *Id.* At his audiologist appointment on March 13, 2019, the audiogram confirmed that he has 90% hearing loss in his right ear and 68% hearing loss in his left ear; two hearing aids were ordered. *Id.*

**Answer: Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's allegations regarding this childhood hearing "trouble" or worsening condition. Defendants admit based on medical records that on January 18, 2019, Plaintiff failed a hearing test and was scheduled to see an audiologist afterwards. Defendants lack knowledge or information sufficient to form a belief about Plaintiff's alleged conversation with an unnamed nurse. Defendants deny that Plaintiff "never" hears the morning call for breakfast. Defendants admit based on medical records that Plaintiff has hearing loss in both ears. Further, Defendants admit that after Plaintiff was evaluated and approved for hearing aids, they were ordered and received.**

Following the appointment, Plaintiff wrote the ADA Coordinator and Health Care Unit Administrator at Pinckneyville, Christine Brown, informing her that he could not hear the calls for meals and as a result had not been eating. *Id.* pp. 5-6. He did not hear a response, and so he filed an emergency grievance on April 3, 2019, requesting an alarm watch to alert him at meal times. *Id.* p.6. His grievance was determined to be an emergency, and he was called to the Health Care Unit on April 8, 2019, to meet with Brown. Brown informed Plaintiff that she does not normally order aids such as an alarm watch since he was receiving hearing aids and accused Plaintiff of "crying to someone." Plaintiff said that he was still in need of the alarm watch because once he receives the hearing aids he will not sleep with them and will need to be alerted in the morning for breakfast. *Id.* Brown told Plaintiff that if he did not "like the way Pinckneyville does it, maybe he should have stayed home." Plaintiff asked if there was something she could do to ensure that he was able to eat to which Brown responded, ""No, I'm ordering your watch and that[']s all I can do."" *Id.*

**Answer: Defendant Brown denies receiving a written letter from Plaintiff. Defendants admit that on April 3, 2019, Plaintiff filed an emergency grievance requesting an alarm watch and other items. Defendants admit on April 8, 2019, Plaintiff met with Defendant Brown where he was provided a hard of hearing placard, and a hard of hearing (HOH) notation on his ID. Defendant Brown denies each of the alleged comments on April 8, 2019. Defendant Brown admits to ordering the hearing aids, alarm watch and headphones for Plaintiff's use. Remaining Defendant's lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in the above paragraph.**

Plaintiff's emergency grievance was then denied because Brown told the Grievance Officers that he had received his hearing aids and that the issue was resolved, although Plaintiff had yet to receive the hearing aids. *Id.* p. 7. Warden Thompson concurred with the denial.

**Answer: Defendants admit that Plaintiff's grievance from April 3, 2019 was denied. Defendant Brown admits that Plaintiff did not receive his hearing aids until May 7, 2019. Defendant Thompson admits to signing the denial. Defendant deny the remaining allegations in the above paragraph.**

On April 19, 2019, Plaintiff spoke with Warden Thompson regarding his grievance. He told Thompson that he did not have his hearing aids or an alarm to wake him up for chow-lines in the morning and that he was missing meals. *Id.* Thompson told Plaintiff that there was nothing he could do.

**Answer: Defendants deny the allegations in the above paragraph.**

Plaintiff filed another emergency grievance, which was denied because the hearing aids had been ordered. *Id*. Plaintiff appealed both grievances to the Administrative Review Board in Springfield, but both grievances were denied on the basis that the issues presented were resolved. Plaintiff claims that Director John Baldwin concurred in the denial and also names Travis Bayler and John Doe as members of the Administrative Review Board who denied his grievance. *Id.* pp. 7-8. He then filed a third emergency grievance, which is still pending. *Id.* p. 8.

**Answer: Defendants admit that Plaintiff filed another emergency grievance on April 19, 2019. Defendants deny that the grievance was denied and admit that the recommendation was "mixed". Defendants admit that the grievance was denied after ARB review. Defendants admit Director Baldwin's designee signed the denial. Defendants lack knowledge or information sufficient to form a belief about claims as to Travis Bayler and John Doe.**

**Defendants admit Plaintiff filed a third emergency grievance on May 21, 2019, regarding this low bunk request.**

Plaintiff alleges that despite his repeated requests, the administration has failed to accommodate his disability and ensure that he is able to eat at meal times. *Id.*

**Answer: Defendants deny the allegations in the above paragraph.**

### REQUEST FOR RELIEF

Defendants deny Plaintiff is entitled to any relief.

### JURY DEMAND

Defendants demand trial by jury.

### AFFIRMATIVE DEFENSES

**I.  Qualified Immunity**

At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are, therefore, protected from suit by the doctrine of qualified immunity.

**II.  Sovereign Immunity**

To the extent that Plaintiff's § 1983 claims against Defendants are brought in their official capacities, the claims are barred by the doctrine of sovereign immunity except as to ADA/RA claims.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this honorable Court deny Plaintiff any relief in this matter whatsoever and enter judgment in their favor.

                Respectfully submitted,

                SCOTT THOMPSON, CHRISTINE BROWN, and ROB JEFFREYS,

                    Defendants,

                KWAME RAOUL, Attorney General,
State of Illinois

Maria D. Gray #6323981
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-5819
Fax: (217) 524-5091
Email: Mgray@atg.state.il.us

                Attorney for Defendants,

By:   s/Maria D. Gray
       Maria D. Gray
       Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW J. PETRAKIS, #B19052, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-579-NJR |
| | ) | |
| SCOTT THOMPSON, ET. AL, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2019, the foregoing document, *Answer and Affirmative Defenses,* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Matthew Petrakis #B-19052
Pinckneyville Correctional Center
Inmate Mail/Parcels
5835 State Route 154
PO Box 999
Pinckneyville, IL 62274

Respectfully Submitted,

Maria D. Gray  _____
Maria D. Gray #6323981
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
Phone: (217) 782-5819
Fax: (217) 524-5091
E-Mail:  MGray@atg.state.il.us