# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW J. PETRAKIS, #B19052, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19-cv-00579-NJR |
| vs. | ) ) |
| SCOTT THOMPSON, CHRISTINE BROWN, PERCY MYERS, and ROB JEFFREYS, | ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Matthew Petrakis, an inmate in the Illinois Department of Corrections, filed this case alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983, as well as violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Petrakis claims that Defendants are denying him adequate accommodation for his hearing loss under the ADA and RA and are also deliberately indifferent to his serious medical needs.

Several motions are now before the Court: Petrakis has filed a Motion for Partial Summary Judgment against Defendants Jeffreys, Thompson, and Brown (Doc. 51), a Motion to Supplement his exhibits within the motion for partial summary judgment (Doc. 53), and a Motion for Partial Summary Judgment against Defendant Myers (Doc. 54); Defendants have filed motions to stay the deadline to respond to both Petrakis's motions for summary judgment pending the conclusion of discovery (Docs. 55 and 57); and Petrakis has filed responses in opposition to the requests for a stay. (Docs. 58 and 59).

In his motions, Petrakis argues that based on Defendants' answers to the amended complaint (Docs. 44 and 49), there are no genuine issues of material fact, and thus he is entitled to judgment as a matter of law. (Doc. 51, p. 5, and Doc. 54, p. 4).

The Court finds that Petrakis's motions are premature. Generally, "[s]ummary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.'" *Grayson v. O'Neill,* 308 F.3d 808, 815 (7th Cir. 2002) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986). *See also Smith v. OSF HealthCare Sys.,* 933 F.3d 859, 866 (7th Cir. 2019) (emphasizing "the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment"). Furthermore, the Court notes that "[t]he Prison Litigation Reform Act of 1995 ("PLRA") mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S.Ct. 1850, 1854-55 (2016) (citing 42 U.S.C. § 1997e(a)). Although exhaustion "is an affirmative defense with the burden of proof on the defendants", *Maddox v. love,* 655 F.3d 709, 720 (7th Cir. 2011), it is still a prerequisite to filing a suit.

Not only has the Court not yet entered a discovery scheduling order on the merits, but Defendant Myers has raised failure to exhaust administrative remedies prior to the initiation of this cause of action as an affirmative defense. (Doc. 49, p. 4). Because of Myers's affirmative defense, the Court's procedure is to stay discovery on the merits and enter a scheduling order regarding initial disclosures and the dispositive motion on failure to exhaust. Therefore, both motions for partial summary judgment (Docs. 51 and 54) are denied without prejudice and, if the case proceeds past the exhaustion phase, may be refiled at the close of discovery. *See* FED. R. CIV. P. 56(b) and (d). The motions to stay filed by Defendants (Docs. 55 and 57) will be denied as moot.

For these reasons, the Motion to Supplement Exhibit (Doc. 53) is **GRANTED**. The Clerk of Court is **DIRECTED** to file refile Doc. 53 as a supplement to Doc. 51, Petrakis's Motion for Partial Summary Judgment. Petrakis's Motions for Partial Summary Judgment (Docs. 51 and 54) are **DENIED without prejudice**, and Defendants' Motions to Stay (Docs. 55 and 57) are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:  10/16/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**