IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW J. PETRAKIS, #B19052, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-00579-NJR |
| vs. | ) ) | |
| SCOTT THOMPSON CHRISTINE BROWN, PERCY MYERS, and ROB JEFFREYS, | ) ) ) ) ) | |
| Defendants. | ) | |

# INITIAL SCHEDULING AND DISCOVERY ORDER

**ROSENSTENGEL, Chief Judge:**

This case is now past the threshold review of the complaint under 28 U.S.C. § 1915A, and Defendants have answered. Because litigation can be difficult for *pro se* prisoners, this Order is being issued to help explain and streamline the process. The parties should closely read this Order, which contains important information on deadlines, discovery, and the Court's procedures. Failure to follow this Order may result in sanctions, including dismissal of the case. The parties also should review the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Illinois. The following procedures will apply to this case.

**I.      Filing Fee**

Plaintiff was assessed an initial partial filing fee of $2.64. (Doc. 16). The Court notes that Plaintiff still owes *the entire amount* towards payment of the initial partial filing fee. Plaintiff shall have until **December 17, 2019,** to pay that sum in full or to demonstrate that he has no means to pay that amount. If Plaintiff attempts to show that he is without the means to pay the initial partial filing fee, he must include a statement of his prison trust fund account showing all transactions and balances

for the entire period this case has been pending.

## II. Initial Disclosures and Pretrial Filings

A. Plaintiff shall have until **November 15, 2019,** to produce to Defendants the following information related to Plaintiff's allegations:

1. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge;

2. A statement of the injuries Plaintiff has suffered and the relief he seeks; and

3. A signed release for medical records.

**Plaintiff shall produce the above information directly to Defendants; the information shall NOT be filed with the Court.**

B. Defendants shall have until **November 29, 2019,** to produce to Plaintiff copies of the following documents and information related to Plaintiff's allegations:

1. Incident reports;

2. Grievances, along with any responses or other related materials, such as grievance logs and counselor's notes;

3. Disciplinary tickets, along with any documents related to the resolution of the tickets;

4. Plaintiff's cumulative counseling summary or other log of interactions with staff during the relevant time;

5. Reports and/or statements of persons with knowledge of the incidents;

6. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent this information is not included in the documents produced to Plaintiff; and

7. Copies of relevant medical records.

**Defendants may object to the production of the above for specific security or other concerns.**

## III. Amendments to the Complaint

Amendments to a complaint are governed by Federal Rule of Civil Procedure 15. If Plaintiff later seeks to file an amended complaint pursuant to Rule 15(a)(2), he must send both the proposed

amended complaint and a motion asking for leave (permission) to file the amended complaint. Defendants will have an opportunity to object to Plaintiff's motion for leave to file an amended complaint. The Court will then review the proposed amended complaint and either grant or deny the motion to amend the complaint.

If Plaintiff should file a motion asking for leave to amend the complaint, the following rules shall apply:

A. Plaintiff shall have until **January 14, 2020,** to file a motion for leave to amend the complaint to include any additional claims or parties. **Failure to file a motion for leave to amend by this date will likely bar further amendment of the complaint, except for good cause shown.**

B. Plaintiff must attach the entire proposed amended complaint to the motion for leave to amend. The Court does not accept piecemeal amendments. Therefore, the proposed amended complaint must stand complete on its own, including exhibits. The amended complaint, if accepted, will replace the prior complaint in its entirety so any claims or parties that are not included in the proposed amended complaint will be automatically dismissed.

C. Plaintiff's motion should explain how the proposed amended complaint differs from the complaint on file. The proposed amended complaint also must comport with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined." SDIL-LR 15.1. Failure to comply with this requirement will result in rejection of the proposed amended complaint.

IV. **Exhaustion of Administrative Remedies**

Under Federal law, a prisoner must exhaust available administrative remedies *before* filing a lawsuit that challenges prison conditions. 42 U.S.C. § 1997e(a). Here, there appears to be an issue about whether Plaintiff has met his statutory exhaustion requirement.

A. Defendants shall have until **December 17, 2019,** to file a motion for summary judgment

on the issue of exhaustion of administrative remedies. Along with the motion, Defendants shall serve upon Plaintiff copies of all relevant grievances; all responses to those grievances, including grievance counselor responses and determinations by the Administrative Review Board; any relevant grievance counselor logs; and/or any other relevant documents in their possession concerning exhaustion of the pending claims in this case. **If Defendants decide prior to the deadline that they will not pursue an affirmative defense on this issue, they shall promptly file a motion to withdraw the affirmative defense.**

B.  In responding to the motion, Plaintiff shall serve upon Defendants copies of all documents in his possession relevant to the issue of exhaustion. Plaintiff also should include a description of any additional steps he took to exhaust administrative remedies not reflected in the materials produced to the Court. This description should include the dates additional steps were taken, the name of any individual involved in the process, and whether any response was provided. **Plaintiff is <u>WARNED</u> that the failure to respond to the motion for summary judgment may result in an Order granting the motion.**

C.  The Court will await the filing of a motion for summary judgment on exhaustion before determining whether a hearing is necessary on the exhaustion issue.

V.  **Late Appearing Parties**

For any party entering an appearance after the date of this Order (for example, a Defendant added by Plaintiff through an amended complaint):

A.  Plaintiff shall make the initial disclosures required by Section II(A) of this Order within 30 days from the new party's appearance;

B.  The new party shall make the initial disclosures required by Section II(B) of this Order within 45 days from its appearance in this case;

C.  The new party shall have 60 days from the date of its Answer to file a motion for summary judgment for failure to exhaust administrative remedies.

## VI. Discovery

Aside from the initial disclosures required by this Order, discovery on the merits of Plaintiff's claims is **STAYED** until the Court resolves the question of whether he has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act.

This stay applies to every Defendant regardless of whether that Defendant has moved for summary judgment on the issue of exhaustion. To be clear, **absolutely no discovery on the merits** of any of Plaintiff's claims will take place until after the Court determines whether Plaintiff has exhausted his administrative remedies. Any motions filed regarding discovery on the merits will be summarily denied, with leave to refile after the stay has been lifted.

Once the Court resolves the issue of exhaustion of administrative remedies, or if Defendants decide not to file a motion for summary judgment on the issue of exhaustion, the stay on discovery will be lifted. A second scheduling order will then be entered setting deadlines for discovery, dispositive motions, and trial.

The case also will be referred to a magistrate judge for all pre-trial proceedings in accordance with the provisions of Federal Rule of Civil Procedure 72.

## VII. Other Matters

The parties are reminded of the availability of a United States Magistrate Judge to preside over this matter, including trial, should they wish to consent. The Clerk of Court is **DIRECTED** to attach a copy of the "Notice and Consent to Proceed Before a Magistrate Judge" form to this Order.

**IT IS SO ORDERED.**

**DATED:   10/16/2019**

s/ *Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**